## Ex parte COSTELLO.

(District Court, E. D. Virginia. April 2, 1925.)

1. **Army and navy** ⊕⟶48—Secretary of Navy's disapproval of court-martial proceedings, findings, and sentence on granting accused's motion for new trial not acquittal.

While Secretary of the Navy's disapproval of proceedings and findings of court-martial on his own motion is tantamount to acquittal, and he may not, on his own motion, return record for further action, under Act Feb. 16, 1909, § 9 (Comp. St. § 3025), after court is dissolved, he may order new trial on accused's motion, in which case his disapproval of proceedings, findings, and sentence is not acquittal barring second trial under Const. Amend. 5, and 102d Article of War (Comp. St. § 2308a).

2. **Army and navy** ⊕⟶48—Appearance before second court-martial, which erroneously sustained plea of acquittal by Secretary of Navy's disapproval of former court-martial's findings and sentence, held not trial putting accused twice in jeopardy.

Accused's appearance before second court-martial, which erroneously sustained his plea of acquittal by Secretary of the Navy's disapproval of former court-martial proceedings, findings, and sentence, on granting accused's motion for new trial, held not a trial putting him twice in jeopardy, so as to require his release from custody on writ of habeas corpus after Secretary disapproved of such proceeding, and accused was ordered before third court-martial.

Habeas Corpus. Petition by Thomas A. Costello for habeas corpus to procure release from custody of the Commandant of the Naval Operating Base, Hampton Roads, Va. Writ dismissed, and petitioner remanded to the naval authorities.

Ralph H. Daughton, of Norfolk, Va., for petitioner.

Paul W. Kear, U. S. Atty., of Norfolk, Va., for the United States.

GRONER, District Judge. Thomas A. Costello is a pay clerk in the United States navy, with the rank of warrant officer, stationed at the Naval Operating Base, Hampton Roads, Va. On September 16, 1924, he was brought to trial on a charge of embezzlement before a general court-martial convened at the Naval Operating Base by order of the Secretary of the Navy, was found guilty, and sentenced to serve three years in the naval prison at Portsmouth, N. H. Pending action by the Secretary of the Navy upon the findings and sentence of the court-martial, Costello filed with the Secretary a written request for a new trial, and, while the exact grounds of his application do not appear, it is understood the basis of the ap-

plication was the failure of the court-martial to hear evidence affecting his sanity or to take steps to have that question tested and determined by medical experts. Pursuant to his application, the Secretary indorsed the record of proceedings of the trial as follows:

"Pay Clerk Costello by letter dated 2 January, 1925, having requested a new trial and the Department having approved that request, the proceedings, findings, and sentence of the general court-martial in the foregoing case of Pay Clerk Thomas A. Costello, U. S. Navy, are accordingly disapproved."

On February 2, 1925, Costello was again brought before a general court-martial, convened by the Secretary of the Navy at the Naval Operating Base, Hampton Roads, Va., on the same charge, at which time he pleaded his former conviction and the dismissal and disapproval of the proceedings therein in bar of trial, and the court then convened, being of opinion that he had once been in jeopardy and was, under the circumstances stated, not subject to further trial, sustained the plea. At the second court-martial there was no arraignment of the accused, nor were any proceedings on the merits had.

The record of the proceedings before the second court-martial, having in the usual course been brought to the attention of the Secretary of the Navy, was disapproved, and a third general court-martial convened, and the accused ordered before it for trial.

Claiming that the court thus constituted is without jurisdiction to try him, that his arrest and detention are unlawful, and that the effect of the disapproval of the proceedings in the case of the first court-martial is in all respects equivalent to an acquittal, he applied for and obtained a writ of habeas corpus from this court. In response to the writ, his body has been produced in court, and an answer filed on behalf of the commandant in charge of the Naval Operating Base, Hampton Roads, Va., setting out the facts substantially as outlined above, and praying for a dismissal of the writ. The single question for determination is the effect of the disapproval of the sentence and the order thereon by the Secretary of the Navy.

[1] The 102d Article of War (Comp. St. § 2308a) provides that no person shall be tried a second time for the same offense. Section 649 of "Naval Courts and Boards," issued by the Navy Department and approved by the President, for the government of persons attached to the naval service, which seeks to carry out this provision of the Articles of War, reads as follows:

"The Fifth Amendment to the Constitution of the United States provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' This provision is the authority for the principle that no person shall be tried a second time for the same offense. In order, however, that a person on trial before a court-martial may be given the benefit of this principle, it is necessary that he should have been actually acquitted or convicted on a former trial; that is, the former trial on which an accused claims to have been placed in jeopardy must have proceeded to a final acquittal or conviction in order to constitute former jeopardy. But, after the proceedings in a former trial have been carried to an acquittal or conviction, the jeopardy is complete, and it matters not whether any action, or, if any, what action, has been taken upon the proceedings by the reviewing authority."

It therefore seems to have been the universal practice in the army and in the navy to regard a disapproval of the findings of a court-martial by the proper reviewing authority as in all respects tantamount to an acquittal, and the practice has been upheld in the Opinions of the Attorneys General. In 1871 Attorney General Bristow, in an opinion in Re Edward Johnson, 13 Op. Attys. Gen. 459, a case in which a soldier was arraigned and tried on a charge of desertion and found guilty, and in which subsequently the reviewing authority disapproved the action of the court-martial because of improper questions asked the prosecuting witness, concluded as follows:

"The inquiry then remains, What is the effect of the disapproval of the sentence and the order thereupon by the reviewing officer? The uniform practice of the government seems to have been to regard such action by the reviewing officer as tantamount to an acquittal by the court itself, and it cannot be doubted that such is the effect of the order of the reviewing officer in this case."

Again, in 1907, in a somewhat similar case (In re Liesendahl, 26 Op. Attys. Gen. 239), the Attorney General expressed the same view in almost identical language. He said:

"I think it must be considered as settled law that, where the sentence of a properly constituted court-martial is expressly disapproved by the proper reviewing authority, this is, in legal effect, tantamount to an acquittal of the accused by the court of the offense charged and relieves him from any and all liabilities to which his conviction would have subjected him. * * *

"Indeed, so absolutely are those proceedings an acquittal, in legal contemplation, that they may be pleaded as an acquittal in bar of a second trial. * * * He has been none the less tried when the reviewing authority disapproves the sentence. * * * And, as it is entirely certain that no power can, after that, impose or execute any sentence as a result of that trial, it follows that such proceedings are, in legal effect, a trial and acquittal of the accused."

It would be difficult to find more comprehensive language than that just quoted, but it is insisted on behalf of the Department that, by virtue of the Act of Congress (35 Stats. at L. 621, § 9 [Comp. St. § 3025]) providing "that the Secretary of the Navy may set aside the proceedings or remit or mitigate, in whole or in part, the sentence imposed by any naval court-martial convened by his order or by that of any officer of the navy or marine corps," there is directly vested in the Secretary of the Navy power to set aside proceedings to the same effect and in the same way as on an appeal in a civil court. I can find no authority for this position; but, on the contrary, it seems to me perfectly clear that, wherever the action of the Secretary extends to a disapproval of the proceedings and findings, and such action is taken on his own motion, the result is, as has been already stated, tantamount to an acquittal. In saying this, I do not, of course, mean to be understood as implying that the Secretary, or any other proper reviewing officer, may not, of his own motion, while the court is still sitting, and before it has been discharged or adjourned without day, return the record to the court with such comments, and for such further action, as may be proper; but, on the other hand, apparently this authority is exhausted when the court before which the case has been tried is dissolved. This is doubtless due to the fact that, until the sentence has been approved or disapproved, the case remains sub judice. See the opinion of Hon. Caleb Cushing, Attorney General, in Re Voorhees, 6 Op. Attys. Gen. 200.

The case under consideration, however, in one important aspect is different from any of those hitherto considered. Here the action taken by the Secretary was not upon his own motion but at the instance of the accused. In terms, he applied for a new trial in order that certain matters which had not been presented to the court before which he had been tried might be submitted on such new trial. In justice to the accused, the Secretary of the Navy acquiesced in his application, and ordered his case brought before a new court-martial. To hold that, under such circumstances, his action was an acquittal of the accused, would be to establish a completely anomalous and impossible condition of affairs. It would, it seems to me, tend toward a mockery of justice, just as inherently the right of a soldier or sailor as of a private citizen. If error, committed in the trial of a court-martial, prejudicial to the accused but not conclusive on the merits, could not be rectified except by an acquittal, the rights of the accused, on the one hand, would either be sacrified or the discipline of the navy destroyed. The question is not a new one. As far back as the time of William Wirt, the right of the President, at the request of the accused, to order a new trial before a court-martial, where in his opinion the court erred on the first trial, is discussed with great learning and fully upheld (1 Op. Attys. Gen. 233).

[2] In this case Costello sought a new trial. Obviously no new trial could be had until the proceedings in the trial of which he complained had been annulled and set aside. It was, therefore, in direct response to his appeal that the action taken in this case was had, and he was granted, on his own motion, a new trial. It is not a new trial ordered against him, but a new trial ordered for him, and, in my opinion, the Secretary of the Navy was vested with power and authority, at the instance and on the motion of the accused, to take the action he did in this case. And it is a salutary power as well as an indispensable power in the interest of one accused of crime. It follows, therefore, that the writ should be dismissed, and the prisoner remanded, unless the second appearance before a court-martial, at which his plea in bar was accepted, may be considered as a trial. I think obviously this is not the case. He was never arraigned, and never pleaded to the charges and specifications. His plea was one to the jurisdiction of the court, and, if the conclusion reached by me is true, the plea should have been rejected and the trial should have proceeded. That it was accepted, and the trial not had, cannot, it seems to me, be reasonably contended as putting the accused in jeopardy. Similar proceedings in the civil courts would not be so construed, and, with equal reason, the same rules apply in military courts.

The writ will be dismissed, at the cost of the petitioner, and he remanded to the naval authorities.